# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVANA MULDREW, et al., | ) 1:09cv0023 OWW DLB |
| Plaintiff, | ) ORDER DENYING DEFENDANTS' MOTION TO SEVER AS MOOT |
| v. | ) (Document 24) |
| COUNTY OF FRESNO, et al., | ) |
| Defendants. | ) |

Defendants County of Fresno and Kenneth Taniguichi ("Defendants") filed the instant motion to sever on May 20, 2010.  The matter was heard on June 25, 2010, before the Honorable Dennis L. Beck, United States Magistrate Judge.  Rayma Church appeared on behalf of Plaintiffs Ivana Muldrew and Darren Hise ("Plaintiffs").  Michael Woods appeared on behalf of Defendants.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs filed this discrimination action on January 6, 2009.

According to the complaint, Muldrew, an African-America female, has been an investigator with the Public Defender's office since 2001.  In April 2007, Muldrew was placed under the supervision of Celia Alderete.  In July 2008, upon returning from vacation, Muldrew discovered that Alderete had assigned cases to her during her absence, creating a delay of services and backlog of work.  Alderete told Muldrew that she would be required to meet with her daily to review her work.  Muldrew made a written complaint to the Public Defender on July 18, 2008, regarding Alderete's discriminatory and harassing conduct and the creation of a hostile

1

work environment.  On July 24, 2008, pursuant to a request by Labor Relations, she filed a Discrimination Complaint with the County.

Muldrew was out on leave, without benefits, from September 2008 through October 2009.  After returning in October 2009, she required accommodation for her stress-related Irritable Bowel Syndrome.  After her deposition in March 2010, she was placed on administrative leave pending a fitness examination.

Hise, a Caucasian male, has been an investigator with the Public Defender's office since 2000.  He was listed as a witness in Muldrew's complaint and gave a corroborating statement to Charlotte Tusk and Debbie Harper during the investigation.  He was told that if anyone asked him about the statement, he should contact Tusk and Harper.

On August 21, 2008, Elizabeth Diaz, Hise's direct supervisor, questioned him about Alderete in a manner that indicated an awareness of his statement.  When he requested to meet with Tusk and Harper, they became hostile and defensive and accused him of being aggressive with them when he attempted to leave.  After Hise left work for the day, he was called back to the Public Defender's office and told by Taniguchi to surrender his keys and identification.  He was told he was on administrative leave and was banned from contacting anyone in the Public Defender's office.

The complaint contains five causes of action.  The first three are brought by Muldrew against the County and allege racial discrimination and retaliation.  The Fourth and Fifth causes of action are based on Hise's allegations of discrimination, retaliation and interference with medical leave rights.  He names both the County and Taniguichi as Defendants.

On May 20, 2010, Defendants filed the instant motion to sever Plaintiffs' causes of action.  Plaintiffs opposed the motion on June 14, 2010, and Defendants filed their reply on June 18, 2010.

Defendants have also filed motions for summary judgments.  The motions were heard on June 28, 2010, and are currently pending before the Court.

**DISCUSSION**

By this motion, Defendants seek to sever Muldrew's First, Second and Third causes of action from Hise's Fourth and Fifth causes of action into two separate legal actions.

The Court need not decide the motion on the merits, however.  On June 29, 2010, this Court granted Ms. Church's motion to be relieved as counsel for Plaintiff Muldrew.  As part of that order, the Court vacated the April 10, 2009, Scheduling Conference Order as those dates pertained to Plaintiff Muldrew and set a further status conference.  Therefore, Plaintiff Hise's action will proceed to trial first and the cases have been effectively severed.

Defendants' motion is therefore DENIED AS MOOT.

IT IS SO ORDERED.

Dated:   **June 29, 2010**                    **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE